UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SATCHELL,

           Plaintiff,

-against-

EMPLOYEES DEPT OF CORRECTIONS;
STATE OF NEW YORK; JOHN DOE; JOHN
DOE; JOHN DOE; JOHN DOE; JANE DOE,

           Defendants.

25-CV-3515 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated in Clinton Correctional Facility, is proceeding *pro se*. Plaintiff filed this action under 42 U.S.C. § 1983, alleging that Defendants subjected him to unconstitutional conditions of confinement while he was in the custody of the New York City Department of Correction ("DOC"). Specifically, he alleges that correctional staff unnecessarily exposed him to Covid.[1]

In an action pending in this court before Judge Gregory Woods, *see Satchell v. Molina*, No. 23-CV-11119 (GHW), Plaintiff raises claims regarding his alleged exposure to Covid while in DOC custody. Because this new action raises these same claims, no useful purpose would be served by the filing and litigation of this duplicate lawsuit. Therefore, this complaint is dismissed without prejudice to Plaintiff's pending case under docket number 23-CV-11119.[2]

---

[1] Plaintiff attaches to his complaint a letter describing the conditions of his confinement in Clinton Correctional Facility. To the extent Plaintiff seeks to assert claims, regarding events that occurred in Clinton, this district is not a proper venue for this action because Clinton is not located within a Southern District of New York county. *See* 28 U.S.C. § 112. Clinton is located in Clinton County, which falls within the Northern District of New York. *See id.*

[2] Plaintiff filed a third action regarding his conditions of confinement during his DOC custody. *See Satchell v. Dep't of Corr.*, No. 24-CV-1763 (LTS) (S.D.N.Y. Apr. 22, 2025). On

In light of the Court's belief that Plaintiff may have submitted this duplicate complaint in error, the Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the Warden or Superintendent having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice to the matter pending under docket number 23-CV-11119 (GHW).

The Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter civil judgment in this case.

SO ORDERED.

Dated:   April 30, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

April 22, 2025, the Court dismissed this third action as duplicative of the action pending before Judge Woods because Plaintiff filed duplicate amended complaints in both actions.